## SUTTON v. MACK ROTH, et al.

Circuit Court, Orange County, Civil Appeal.
March 16, 1951.

Giles F. Lewis, Orlando, for appellant.

Thomas T. Cobb, Daytona Beach, and Turnbull & Pepper, Tallahassee, for appellees Mack Roth, et al.

Wendell C. Heaton, deputy commissioner, for appellee industrial commission.

FRANK A. SMITH, Circuit Judge.

This is an appeal from an order of the industrial commission dated December 11, 1950. The commission held that the execution of a settlement agreement and release and acceptance of payment thereunder constituted a final election by the claimant to proceed at common law rather than continue with his claim before the commission and barred further relief under the workmen's compensation law.

Under the provisions of section 440.11 F.S.A. 1941 the claimant had a choice of remedies — he could proceed under the Act to collect compensation and medical benefits, or he could proceed at common law for damages.

The filing of his claim by letter before the commission in the first instance, where no hearing was had and no award made,

did not constitute a bar to his subsequent election to proceed to a common law settlement with the employer.

The execution of the settlement agreement and release and acceptance of payment thereunder, however, did constitute a final election to proceed at common law under the terms of section 440.11. Such election was and is a bar to further relief under the workmen's compensation law.

Section 440.21 (2) is not applicable in this case because it deals only with agreements made prior to the accrual of a claim or cause of action and should not be construed to prohibit the compromise and settlement of a claim where the Act gives, as in this case, an election of remedies.

Affirmed.